PER CURIAM.
This cause is before the Court for review of the judgment entered by the Board of Governors of the Florida Bar on November 3, 1970.
The judgment states in part as follows:
“The respondent is charged with having accepted a retainer fee and agreeing to represent his client, Arthur I. Break-stone, in the enforcement of a mechanics’ lien and the collection of a promissory note. Subsequently, respondent failed to perfect the lien and to bring action on the note all to the detriment of the client. He also failed and refused to communicate with his client. These charges were admitted by respondent’s Answer.
“When this was originally considered by the Board of Governors in March, 1970, Bar counsel recommended that respondent be reprimanded. Such a lenient sanction was deemed appropriate be *425 cause respondent offered his assurances that the fees paid by the client had been refunded and that he had turned the clients’ legal affairs over to other counsel.
“Subsequent investigation, however, has revealed that the respondent has not made restitution and has not cooperated with his client or with the agencies of the Supreme Court who are investigating and prosecuting this case. The Board finds such lack of candor in these proceedings is most unbecoming and therefore recommends a more severe discipline in this case. Accordingly, upon consideration it is
“ORDERED and ADJUDGED that the respondent be suspended from the practice of law for three months and that he pay the costs of these proceedings in the amount of $165.33.”
Examination of the record reveals the respondent has admitted his failures to properly represent his client. While the Court is in sympathy with respondent’s personal difficulties, these do not excuse the failures of professional conduct apparent from the record. Respondent has not requested a hearing before this Court.
As this Court noted in The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970), sanctions imposed for unethical conduct by members of the Bar must serve three purposes.
“First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage- reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.” (p. 132)
After careful examination of the record and the judgment of The Florida Bar, this Court approves and adopts the recommendations and judgment of the Bar.
It is adjudged that the respondent, Mon-rad Thue, a member of The Florida Bar, be and he is hereby suspended from the practice of law for three months. It is adjudged that The Florida Bar shall have and recover its costs herein in the sum of $165.33, for which let execution issue.
It is so ordered.
ROBERTS, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.