PER CURIAM.
Disciplinary proceedings were initiated by The Florida Bar against Joseph E. Weaver, a member of the Bar, alleging various acts of misconduct in his handling of clients’ legal affairs. After a referee was appointed to conduct hearings, Weaver filed an unconditional guilty plea as to all charges against him but one, and that one was eventually dismissed at the Bar’s request. The referee’s report was filed with the Court on December 9, 1977, and neither the Bar nor Weaver has challenged the report under Rule 11.06(9)(b) of the Florida Bar Integration Rule. Accordingly, the record and report of the referee alone are before us for appropriate disposition, including the imposition of discipline. Article V, Section 15, Florida Constitution.
The referee reports the following acts of misconduct to which Weaver has pled guilty:
1. As to Bar Case No. 7C-1275-44
“The complaint against respondent charged him generally with wrongful conversion of escrow or trust funds and felonious larceny, and particularly with having received in escrow for the client funds totaling $42,785.03; payment of $20,000.00 by check which was returned for insufficient funds and which had to be presented a second time for clearance; failure to pay the balance of $22,785.03, and not having sufficient funds in his escrow account to pay that amount.
Subsequent to the filing of the Complaint before the Referee, the Respondent has paid the balance in full.”
The referee found this conduct to be vio-lative of Integration Rules 11.02(3)(a)-(b) (moral misconduct) and 11.02(4) (misuse of trust funds), and of Code of Professional Responsibility Disciplinary Rules 1-102(A)(3), (4) and (6) (acts of misconduct involving moral turpitude and dishonesty which reflect on fitness to practice law), and 9-102(B)(4) (failure to pay over a client’s funds). He recommended disbarment as the appropriate discipline.
2. As to Bar Case No. 7C-875-1S
*798 “The complaint against respondent charged him with misrepresentation and neglect: that he was engaged to handle the administration of an estate valued at approximately $286,217.00, under a will providing for two trusts; Notice to Creditors was not published until several months after he was retained; he failed to furnish information requested and required for tax purposes; represented that he had established trusts as required but never did so; caused losses on assets; paid himself fees of $4,570.00 without court order, and never completed administration of the estate.”
The referee found that this conduct violates DRs 1-102(A)(4) (acts of dishonesty), 6-101(A)(3) (neglect of a legal matter entrusted to him), and 7-101(A)(2) and (3) (intentionally failing to carry out a contract of professional employment and prejudicing his client). As to this misconduct he recommended a twelve-month suspension, coupled with rigorous conditions before practice can be resumed.
3. As to Bar Case No. 7C-476-67(A)
“The complaint alleges that respondent was temporarily suspended from the practice of law effective March 11, 1976, and thereafter on or after March 12, 1976, agreed to represent Dr. M. Woodrow Tucker and on or after March 15, 1976, accepted a $250.00 prepaid fee from him in connection with that representation. The Respondent has since repaid said prepaid fee in full.”
The referee found that this conduct violated our suspension order and DRs 1-102(A)(4) (deceit) and 3-101(B) (practicing law where not authorized). He recommended a private reprimand.
4. As to Bar Case No. 7C-476-65
“The complaint against the Respondent charged that he was retained in connection with a breach of contract action and accepted a $500.00 prepaid fee from Mary A. Gross, but failed to perform any meaningful legal services and had never returned the $500.00 prepaid fee. The Respondent has since repaid the prepaid fee in full.”
The referee found that this conduct violates DR 6-101(A)(3) (neglect of a legal matter), and recommended a public reprimand.
5. As to Bar Case No. 7C-476-67(B)
“The complaint alleges that Respondent accepted from Lydia Lange a prepaid fee in the amount of $140.00 and $25.00 for costs in connection with a title matter and failed to perform, furnish an abstract, or refund the prepaid fee and costs. Respondent has since repaid the prepaid fee in full.”
The referee found that this conduct also violates DR 6-101(A)(3), and recommended a private reprimand.
6. As to Count VI of Bar's “Case # Various” File
“The complaint alleges that Respondent accepted $500.00 as a prepaid fee paid by James P. Watson on behalf of Karl Nielson, failed to carry out his contract, and did not return the prepaid fee.”
The referee found that this conduct also violates DR 6-101(A)(3), and recommended a private reprimand.
7. As to Bar Case No. 7C-476-74
“The complaint alleges that Respondent accepted $500.00 as a prepaid fee from Gretchen T. Hunt for service as attorney for the Estate of Ollie Hunt, but failed to perform any meaningful legal services, and failed to return the prepaid fee. Respondent has since repaid the fee.”
The referee found that this conduct also violates DR 6-101(A)(3), and recommended a private reprimand.
We accept Weaver’s guilty plea and approve each of the referee’s findings of fact. With respect to discipline, counsel for the Bar had asked the referee for Weaver’s suspension from the practice of law, based on several mitigating considerations. Weaver entered the practice of law at age 25 and is now 31. His several acts of misconduct arose after Weaver’s father had died, and during a period of extreme marital difficulty. Weaver pled guilty to all acts of misconduct (except one which the *799 Bar dismissed), although Bar counsel indicated to the referee that there might have been a basis to defend some or all of charges on technical or other grounds. Despite the Bar’s plea for mitigation, the referee obviously considered Weaver’s major act of misconduct too severe merely for suspension. Weaver had acknowledged to the referee his awareness and understanding of the Code of Professional Responsibility. We, of course, are not bound by the referee’s recommendations for discipline.[1]
Weaver’s acts have prejudiced several clients in their legal affairs, notwithstanding their legal fees have been returned. Despite the personal problems which may have caused Weaver’s current professional situation, we cannot excuse the serious acts of misconduct in which he engaged as a member of the legal profession. We approve the referee’s recommendation of discipline, and we direct that Joseph E. Weaver be disbarred from the practice of law in Florida, effective this date.
Costs of these proceedings in the amount of $520.36, which we are advised Weaver has already paid, are assessed against him.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.

. See, for example, The Florida Bar v. Mueller, 351 So.2d 960 (Fla.1977).