433 So.2d 983 (1983)
THE FLORIDA BAR, Complainant,
v.
William A. LORD, Respondent.
No. 61649.
Supreme Court of Florida.
June 9, 1983.
*984 John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman, Bar Counsel, Fort Lauderdale, for complainant.
William H. Pruitt of Pruitt & Pruitt, West Palm Beach, for respondent.
PER CURIAM.
This attorney-discipline proceeding is before the Court on petition of The Florida Bar. Before us, we have the report of the referee and the petition of The Florida Bar for review thereof. We have jurisdiction. Art. V, § 15, Fla. Const.
From 1954 to 1976 respondent knowingly and willfully failed to file any income tax returns, although required to do so under Title 26, United States Code, section 6012 (1976). In 1980 respondent was charged with four misdemeanor counts of violating Title 26, United States Code, section 7203 (1976), by willfully failing to file income tax returns for the years of 1973 to and including 1976. He subsequently entered guilty pleas to all counts and was found to have failed to account for and pay taxes on approximately $545,000.00 in income during that period. The United States District Judge sentenced respondent to one-year imprisonment, to be suspended except for ninety days at a minimum security institution, and three years with the added obligation of performing four hundred hours of community service. He has completed his term of confinement and is presently continuing to perform his required period of community service.
The Florida Bar filed a formal complaint against respondent charging him with violations of article XI, Rule 11.02(3)(a) and (b), of the Integration Rule of The Florida Bar, and Disciplinary Rules 1-102(A)(3), (4), and (6) of the Code of Professional Responsibility of The Florida Bar. These charges all stem from respondent's failure to file federal income tax returns for the twenty-two year period from 1954 to 1976, inclusive. At the hearing held before the referee, respondent entered a guilty plea to the above charges. The findings and recommendations of the referee, as taken in pertinent part from the referee's report, provide as follows:
III. Recommendations of the Referee as to Disciplinary Measures to be Applied: I recommend that the Respondent be found guilty in accordance with his plea as set forth above and that he be suspended from the practice of law for the period of three months.
IV. Findings and Basis for Recommendation of the Referee:

In making the above recommendation, the Referee has concluded that the Respondent has been rehabilitated and that no further showing of rehabilitation is appropriate in this case inasmuch as the same would constitute a rerecitation of the evidence and testimony already received by the Referee.
In making the above recommendation, the Referee has further taken into consideration:

*985 A) The age of the Respondent, his years of service to his clients, his community, his Bar and his Country.
B) The testimony of leaders of the Palm Beach County Bar and members of the community with respect to the Respondent's rehabilitation.
C) That, notwithstanding the extreme seriousness of the charges, the plea was in fact to misdemeanors and that the Respondent has not pled to or been found guilty of a felony. Further, the United States Government, including the Honorable Susan H. Black, United States District Judge, were satisfied with a sentence of probation, including 81 days served in a minimum security facility.
D) The other personal hardships incurred by the Respondent, including his loss of standing as a leading member of the Palm Beach community, the loss of his position in an outstanding law firm, his loss of clients, his loss of professional esteem and the acute personal embarrassments and personal tragedies associated with the disclosures in this case.
E) The extent to which any further period of suspension would likely lead to the loss of all clients and law practice that might remain following the period of suspension, inasmuch as it is clear to this Referee that the Respondent would in any event be reinstated. In this respect the Referee has also taken into consideration that there will be money judgments obtained by the United States and that it will be necessary for the Respondent to continue in the practice of law in order to satisfy the obligations of said judgments.
F) In making the above recommendation, the Court has also taken into consideration that there has been no argument presented to the Referee in support of the disbarment of the Respondent, so that the primary concern of this Referee, notwithstanding the fact that disbarment is an option available, is in fact the length of term of suspension.
G) That the aforesaid Honorable Susan H. Black stated in the record, at the time of sentencing, that the Court was of the opinion that the Respondent needs no further rehabilitation and that this was, and is, an isolated event in his life.
H) The Respondent's witnesses, all of whom were leaders and outstanding members of the Palm Beach area Bar, banking and business community, testified in support of the Respondent's good reputation in the community, notwithstanding the charges against him, as to his good character, and as to their belief that he has been rehabilitated.
I) That by the application of relative standards, the sentence recommended herein is adequate to address those interests of the Bar with respect to discipline unconnected with rehabilitation.
J) The unblemished record of the Respondent exclusive of these charges.
The Florida Bar challenges this referee report. Specifically, The Bar feels that the referee erred in basing his recommendations on the conclusion that respondent had been rehabilitated and on respondent's personal difficulties. Moreover, The Bar contends that the referee's proposed term of suspension is inappropriate considering the severity of the charges to which respondent has admitted guilt.
First, we find that the referee did not err in considering Lord's rehabilitation in his report. The Bar erroneously contends that the referee's recommendation was based solely upon the belief that respondent had been rehabilitated. The referee's recommendation was, in fact, made after a thorough consideration of ten factors, among which rehabilitation was one.
In addition, rehabilitation became relevant to the proceeding when The Bar recommended, over Lord's objection, that respondent be suspended, at minimum, for three months and one day. Article XI, Rule 11.10(4), of the Integration Rule of The Florida Bar, provides in pertinent part:
A suspension of three months or less shall not require proof of rehabilitation or satisfactory passage of The Florida Bar examination; a suspension of more than three months shall require proof of rehabilitation; no suspension shall be ordered *986 for a specific period of time in excess of three years.
(Emphasis added). The significance of The Bar's recommended suspension of three months and one day is that respondent would be required to establish his rehabilitation before reinstatement. Conversely, if, as recommended by the referee, respondent is suspended for three months or less he would automatically be reinstated at the conclusion of his suspended term without further proof of rehabilitation. When The Bar's and referee's respective disciplinary proposals are juxtaposed, it is evident that rehabilitation is a major distinguishing factor for the referee to consider before recommending an appropriate discipline.
Equally without merit is The Bar's contention that the referee erred by basing, in part, his recommendation on respondent's personal difficulties. While personal difficulties should not be relied upon to excuse Lord's misconduct, the referee should not be restrained from considering hardships in recommending a discipline which would be fair to society and to respondent in addition to being an effective deterrent to others. The Florida Bar v. Pahules, 233 So.2d 130 (Fla. 1970); cf., The Florida Bar v. Weaver, 356 So.2d 797 (Fla. 1978); The Florida Bar v. Thue, 244 So.2d 424 (Fla. 1971). Here the referee quite properly considered what effect Lord's misconduct had upon him as an attorney and what impact his further suspension would have upon society, namely respondent's clients.
Although the referee properly considered respondent's rehabilitation and personal difficulties in arriving at his recommendation, we cannot agree with his proposed three-month suspension. The complaint now brought against respondent reflects Lord's failure to file income tax returns for an extended period of twenty-two years. Respondent has pled guilty to violations of Florida Bar Integration Rule 11.02(3)(a) and (b) and Disciplinary Rules 1-102(A)(3), (4), and (6) of the Code of Professional Responsibility. The misconduct charged is not an isolated event, rather, it constitutes serious cumulative misconduct involving moral turpitude. The Florida Bar v. Rubin, 362 So.2d 12, 15 n. 11 (Fla. 1978), citing, State ex rel. The Florida Bar v. Murrell, 74 So.2d 221 (Fla. 1954); The Florida Bar v. Baron, 392 So.2d 1318 (Fla. 1981); The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979). Moreover, the misconduct present here reflects a flagrant and deliberate disregard for the very laws which respondent took an oath to uphold.
Discipline for unethical conduct by a member of The Florida Bar must serve three purposes: First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations. The Florida Bar v. Thue, 244 So.2d 424, 425 (Fla. 1971), citing, The Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970). See also, State ex rel. The Florida Bar v. Murrell, 74 So.2d 221, 227 (Fla. 1954) (emphasis added). We find that the recommended three-month suspension lacks the requisite severity to adequately deter others tempted to engage in similar violations.
Accordingly, we find William A. Lord guilty in accordance with his plea and suspend him for a period of six months, the suspension effective July 11, 1983. We also assess the cost of this proceeding against respondent in the amount of $674.54.
It is so ordered.
ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
ALDERMAN, C.J., and McDONALD, J., concur in part and dissent in part with opinions.
EHRLICH, J., concurs in part and dissents in part with an opinion with which McDONALD, J., concurs.
*987 ALDERMAN, Chief Justice, concurring in part, dissenting in part.
I agree with the majority that we approve the referee's recommendation that Lord be found guilty in accordance with his guilty plea. I also concur with its finding that the three-month suspension recommended by the referee lacks the requisite severity to adequately deter others tempted to engage in similar violations.
I do not concur, however, that a six-month suspension is sufficiently severe discipline for Lord's misconduct. Lord admitted that he failed to file income tax returns for more than twenty years. His misconduct does not consist of one isolated event, but rather, as the majority points out, consists of serious cumulative misconduct which involves moral turpitude and which reflects a flagrant and deliberate disregard for the laws which Lord took an oath to uphold.
Normally, this type of misconduct would warrant disbarment. But, in light of the many mitigating factors found by the referee, I would find that a three-year suspension is the appropriate discipline for Lord.
McDONALD, Justice, concurring in part and dissenting in part.
I concur with the opinion in everything except the punishment. Any lawyer who fails to file income tax returns for twenty years should be disbarred. From an ethical standpoint I see little difference in a lawyer converting a client's trust funds, for which we regularly disbar, from a lawyer converting the funds belonging to the United States in the form of a wilful failure to send them in when due. Lord's conduct was cumulative and gross and so far below what we expect of lawyers that he should forfeit the privilege of practicing law.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with that portion of the opinion and decision relating to guilt, but I dissent as to the discipline imposed. I agree that the three-month suspension recommended by the referee is disproportionate to the gravity of the offense. I cannot agree that adding three more months cures that disproportion.
An attorney bears a special responsibility under the law. As expressed in the Preamble to the Code of Professional Responsibility:
Lawyers, as guardians of the law, play a vital role in the preservation of society. The fulfillment of this role requires an understanding by lawyers of their relationship with and function in our legal system. A consequent obligation of lawyers is to maintain the highest standards of ethical conduct.
Respondent knowingly and willfully failed to file income tax returns for more than two decades. He violated those very laws he has sworn to uphold and preserve. In so doing, he purloined from the United States government and ultimately all other United States citizens $412,220.82 in tax revenues over the twenty-two year period.
Our profession proscribes involvement in illegal conduct involving moral turpitude, dishonesty, fraud, deceit and misrepresentation. Fla.Bar Code Prof.Resp., D.R. 1-102. It ill behooves the legal profession to condone theft which takes the form of failure to pay a legal obligation to the government. By imposing a mere token sanction against such misconduct we fail to deter others who may be tempted to behave similarly; far worse, we diminish the credibility of the entire bar as a self-regulating profession, ever vigilant to insure strict compliance to the values embodied in the Code of Professional Responsibility.
The Florida Bar, the ever vigilant guardian of the Code of Professional Responsibility, recommends that respondent be suspended for a period of six months. I find it difficult to reconcile this recommendation with the position of the Bar in other matters involving the honesty of a lawyer. If respondent had taken or even "borrowed" from a trust account for a period of twenty-two years, I am certain that the Bar would be urging the ultimate in discipline, disbarment. To me this is symptomatic of an *988 attitude that seemingly pervades our whole society. We as a people countenance and, at least tacitly, approve a double standard in our criminal justice system. If it be the Internal Revenue laws that are violated, our disapproval is muted and the punishment is token. I do not believe that this Court or the Bar can knowingly be a party to any such disparity in the enforcement of the Code of Professional Responsibility.
In light of the ongoing and flagrant disregard respondent has shown for the law, I would recommend he be disbarred from the practice of law.
McDONALD, J., concurs.