EHRLICH, Justice,
concurring specially.
I concur with the Court’s opinion and judgment. In so doing, I cannot, and do not, recede from anything that I said in my dissent in The Florida Bar v. Lord, 433 So.2d 983 (Fla.1983). My feelings and observations about a lawyer’s failure to file income tax returns remains the same. However, the conduct in Lord is far more blatant and egregious than in this case. The punishment the Court meted out is the same in both cases. I am of the opinion that what the Court did in Lord was wrong. I believe that the punishment in this case more nearly fits the facts.
The record reflects that even though respondent failed to file personal income tax returns, he did file partnership returns for the years in question. It appears that respondent was not making enough money to support a disabled wife, a dependent mother, three children in college, and to pay his income taxes, during the years that he failed to file returns. While this does not excuse his conduct, it does explain it. He is now destitute. I am of the opinion that the self-executing punishment the respondent has undergone can be taken in mitigation.