PER CURIAM.
The Florida Bar has brought this discipli: nary action against David M. Anderson, a member of The Florida Bar, for his mismanagement of a client’s money and his ensuing attempt to conceal this activity. This Court has jurisdiction pursuant to article V, section 15, Florida Constitution. After a hearing, the referee recommended that Anderson be found guilty of violating disciplinary rules 1-102(A)(1) (violating a disciplinary rule), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on his fitness to practice law), 5-101(A) (accepting employment where his professional judgment on behalf of his client will be affected by the lawyer’s own interests), 5-104(A) (entering into a business transaction with a client, despite differing interests, without full disclosure), 7-101(A)(3) (prejudicing or damaging a client during the course of the professional relationship), 7-102(A)(3) (concealing or knowingly failing to disclose that which he is required by law to reveal) and 7-102(A)(8) (knowingly engaging in other illegal conduct or conduct contrary to a disciplinary rule). In light of these findings, the referee recommended that Anderson be suspended from the practice of law for six months and thereafter until he passes the ethics portion of The Florida Bar Exam and proves his rehabilitation. The referee also recommended that Anderson pay the costs incurred in this proceeding and make full restitution to his client. We adopt the referee’s report and approve the recommended discipline.
Anderson initially represented Mr. A.E. Copeland in an incompetency proceeding. Afterward, Anderson induced Copeland to give his entire cash holdings to Anderson. According to Anderson, this transaction in *404 volved an unsecured note payable on demand. The referee noted, however, that Anderson did not repay all of this money when Copeland requested, forcing Copeland to resort to litigation. Anderson tried to conceal his misconduct by preparing and backdating a “second note” to account for the money.
The referee , found that Anderson misrepresented his relationship with Copeland to a judge by requesting to be appointed as Copeland’s guardian without disclosing that he was already Copeland’s trustee. Moreover, a few years later, Anderson failed to file a full accounting of the trust in accordance with a court order. The referee also found that, before Anderson was Copeland’s guardian, Anderson had Copeland sign some transfer of property documents and failed to have Copeland’s guardian or trustee also sign the documents. Copeland has died since this disciplinary action began.
Although Anderson challenges the referee’s report, we find substantial and competent evidence to support it. A referee’s finding of fact is presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla.1986); The Florida Bar v. Price, 478 So.2d 812 (Fla.1985).
The Florida Bar argues that Anderson’s actions constituted a conversion of his client’s funds and warrant disbarment. After reviewing the record, we disagree with the Bar’s conclusion regarding an intentional conversion. The facts indicate that Copeland willingly and knowingly entered into the loan agreement. Anderson refused to complete the payments when a dispute arose over the amount of the loan.
Accordingly, Anderson is hereby suspended for six months, effective thirty days from the date this opinion is filed so he can protect the interests of his existing clients, and thereafter until he passes the ethics portion of The Florida Bar Exam and proves his rehabilitation. He shall accept no new clients from this day forward until he is readmitted to The Florida Bar. He must also make full restitution to Copeland’s estate. Judgment for The Florida Bar’s costs in the amount of $1,382.00 is hereby entered against Anderson, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.