PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report finding attorney George N. Meros guilty of professional misconduct. Neither party has filed a petition for review.
The findings of fact and recommendations of the referee are set forth in the report as follows:
*1109 II.Findings of Fact: After considering all of the pleadings and evidence submitted at final hearing, I find that the allegations of the Complaint of The Florida Bar have been sustained and were not contested. The findings are:
1. Respondent is and at all times material herein was a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On August 17, 1985, Respondent was found guilty in the United States Court for the Middle District of Florida, Case No. 84-0076-CR-T-08 of the following counts:
Count 1 — Conspiring to violate RICO (Tit. 18, Sec. 1962(d))
Count 2 — Conspiring to violate RICO (Tit. 18, Sec. 1962(c))
Count 3 — Conspiring to possess with intent to distribute a Schedule I controlled substance (marijuana, in excess of 1,000 pounds)
Count 4 — Conspiring to import a Schedule I controlled substance (marijuana)
Count 5 — Possession with intent to distribute a Schedule I controlled substance (marijuana)
Count 11 — Use of wire transfer in foreign commerce in aid of racketeering enterprise
Count 12 — Conspiring to use a wire transfer in interstate and foreign commerce in aid of racketeering enterprise Count 13 — Interstate and foreign travel in aid of racketeering enterprise Counts 14 & 15 — Defrauding an agency of the United States by trick, scheme or device
Counts 16, 22 & 25 — Causing bank to fail to file currency transaction report with IRS
3. On September 16, 1985, Respondent was adjudicated guilty of all counts referenced in the preceding paragraph and described in Florida Bar Exhibit 2 received in evidence on November 25, 1987.
4. As a result of his adjudication referred to hereinabove, Respondent was sentenced to a total of forty (40) years in prison, with specific terms of confinement with reference to each of the counts of which he was convicted as is shown by Florida Bar Exhibit 2.
5.Respondent does not contest the authenticity of the record of conviction of said offenses, and the adjudication of guilt by the sentencing tribunal is conclusive proof thereof for purposes of this disciplinary proceeding.
III. Recommendation as to Whether or Not the Respondent Should be Found Guilty:
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his oath as an attorney, Disciplinary Rules, and Rules Regulating the Florida Bar to-wit: Article XI, Rule 11.02(3)(a), for conduct contrary to honesty, justice and good morals; DR Rule 1-102(A)(4) for engaging in dishonest conduct, fraud, corruption and racketeering in violation of federal law, and DR 1-102(A)(6) for engaging in other misconduct that reflects adversely on his fitness to practice law.
IV. Recommendation as to Disciplinary Measures to be Applied:
I recommend that the Respondent, due to the magnitude and enormity of his crimes, be disbarred. There is more than ample authority for that drastic penalty. The Florida Bar v. Ludwig, 465 So.2d 528 [(Fla.1985)]. The Florida Bar v. Price, 478 So.2d 812 [(Fla.1985)].
Consideration has been given to the fact that the Respondent is a mature individual having been born in 1923, admitted to The Florida Bar on January 31, 1953, and has no known previous disciplinary history. These data were supplied by The Florida Bar Tampa Office.
We approve the report of the referee. George N. Meros is hereby disbarred, effective immediately.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $458.16 is hereby *1110 entered against George N. Meros, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.