PER CURIAM.
This proceeding is before the Court upon the petition of David M. Anderson for leave to resign from membership in The Florida Bar. Disciplinary proceedings are pending against the petitioning attorney. Therefore, his request to resign is governed by Rule of Discipline 3-7.11 of the Rules Regulating The Florida Bar.
The respondent attorney is a suspended member of The Florida Bar. He was suspended on May 7, 1987, as a result of findings of professional misconduct on his part. The Florida Bar v. Anderson, 506 So.2d 403 (Fla.1987). On January 20, 1988, The Florida Bar filed a petition (Case No. 71,769), for an order directing respondent to show cause why he should not be held in contempt of this Court for holding himself out as an attorney and continuing to engage in the practice of law. The accused attorney filed a response attempting to refute the allegations and to explain and justify his conduct. The contempt proceeding and other disciplinary proceedings brought against the respondent were pending at the time he filed the instant petition for leave to resign from The Florida Bar.
The petition for leave to resign sets forth the past and present disciplinary proceedings against respondent and states that the resignation for which leave is sought will be permanent. The Florida Bar does not oppose the petition and asks that we allow resignation without leave to apply for readmission, subject to the condition that respondent be required to pay the costs incurred in the several pending disciplinary proceedings.
We grant the petition for leave to resign permanently. As provided by rule 3-7.-11(d), the acceptance of the respondent’s resignation serves to dismiss all pending disciplinary cases. The resignation of David M. Anderson from The Florida Bar shall take effect immediately.
*1143 The costs incurred in the pending disciplinary proceedings are assessed against the respondent. Judgment for costs in the amount of $5,983.80 is entered against David M. Anderson, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.