661 So.2d 1199 (1995)
THE FLORIDA BAR, Complainant,
v.
Deanna McBride BIRDSONG, Respondent.
No. 84128.
Supreme Court of Florida.
October 26, 1995.
*1200 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Stephen C. Whalen, Assistant Staff Counsel, Tampa, for complainant.
Deanna McBride Birdsong, Tampa, respondent, pro se.
PER CURIAM.
We have for review a referee's report in a bar discipline case. Deanna McBride Birdsong, the attorney whose conduct is the subject of the referee's report, challenges the propriety of the referee's disciplinary recommendations and the amount of costs assessed against her.[1] We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
After a hearing, the referee made the following findings of fact and recommendations as to guilt. At the time of events which gave rise to these disciplinary proceedings, Birdsong was a shareholder with Birdsong and Smith, P.A. In September of 1991, Birdsong's law partner, Elinor P. Smith, was consulted by Kirby Williams regarding a proposed action against Massoud Karimi involving real property which Kirby and his wife Marina had purchased from Karimi. Smith prepared a proposed fee agreement, but the Williamses never retained her.
In October of 1991, Birdsong was retained to represent Massoud Karimi in a foreclosure action against the Williamses involving the real property which was the subject of the Williamses' consultation with Smith.[2] Birdsong was actually retained by Majid Karimi acting as agent for his father, Massoud Karimi. Majid Karimi handled the foreclosure action because his father did not speak English and did not reside locally. After the foreclosure action was filed, the Williamses retained Martin Lawyer to represent them. In November of 1991, Lawyer filed a motion to disqualify Birdsong based on the Williamses' consultation with Smith. Birdsong received a copy of the motion to disqualify in November of 1991. Notwithstanding that fact, Birdsong neither sought nor obtained a waiver of conflict from the Williamses. Instead, Birdsong continued to formally represent Karimi until the trial court granted the motion to disqualify in March of 1992.[3]
After her disqualification, Birdsong sent a letter to Majid Karimi explaining that she had been disqualified and that Majid should proceed with the foreclosure without the assistance of counsel. The referee found that "[t]his letter clearly advises a course of legal conduct to Karimi. In addition, Birdsong writes `I will go over trial preparation with you and the necessary documents,' clearly an offer of continued behind-the-scenes legal representation. The letter concludes with a solicitation for Karimi to initiate further contact with Birdsong to discuss the case."
After receiving notice of Birdsong's disqualification, Majid Karimi called Birdsong on a number of occasions and discussed the foreclosure action. Birdsong initially denied having numerous phone conversations with Karimi. Majid Karimi, however, testified that he had spoken with Birdsong about the foreclosure action a number of times after she was disqualified. Moreover, the Bar introduced phone records which corroborated Karimi's testimony. Birdsong ultimately acknowledged she had spoken with Karimi on a few occasions but suggested the conversations were of a personal nature. Majid Karimi, however, testified that he discussed only the foreclosure action with Birdsong.
Birdsong also prepared a response to a motion for default after she had been disqualified. Birdsong faxed the response to *1201 Karimi to sign, and upon receipt of the executed pleading, filed the response with the court and faxed a copy to the Williamses' attorney.
The referee recommended that Birdsong be found guilty of violating rule 4-1.10(a) (for her continued representation of Karimi after receiving actual notice of the conflict of interest once the motion to disqualify was filed), rule 4-8.4(d) (for violating the disqualification order), and rule 4-8.4(a) (by virtue of violating rule 4-1.10(a) and rule 4-8.4(d)). In mitigation, the referee considered Birdsong's lack of a substantial prior disciplinary record,[4] the lack of evidence of lucre or other impure motive, Birdsong's admission of the primary facts, the absence of evidence of harm to Birdsong's client or the opposing party, and Birdsong's excessive work hours. In aggravation, the referee considered the fact that Birdsong blatantly violated a valid court order, Birdsong's lack of acknowledgment and/or understanding of the inappropriateness of her conduct, Birdsong's lack of candor in the disciplinary proceedings, and Birdsong's substantial experience in the practice of law. As discipline, the referee recommends that Birdsong be suspended from the practice of law for thirty days and that she be placed on probation for a period of one year. As conditions of probation, the referee recommends that Birdsong (1) complete a minimum of fifteen hours of Florida Bar approved professional ethics education; (2) complete a Florida Bar approved law office management course; (3) complete a Florida Bar approved personal/professional time management course; and (4) provide the Florida Bar with quarterly written reports during the period of probation stating the number of cases she is handling within a fifty-five hour maximum work week and whether or not she is handling her caseload in a professional manner in the fifty-five hour work week. The referee noted that the final condition of probation is in response to Birdsong's "repeated assertions as to her excessive work hours." Finally, the referee recommended that $2,369.99 in costs be assessed against Birdsong.
We have broad latitude in reviewing a referee's recommendations for discipline because ultimately it is our responsibility to order an appropriate punishment. See Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla. 1989). In Florida Bar v. Lord, 433 So.2d 983, 986 (Fla. 1983), this Court delineated the three purposes of disciplining unethical conduct by a member of The Florida Bar:
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.

Id. at 986.
We reject Birdsong's contention that the recommended discipline is too severe. She clearly violated the disqualification order by continuing to assist Karimi with his lawsuit. We conclude that the purposes of disciplining Birdsong would be fulfilled by a thirty-day suspension when coupled with a year's probation. However, we have concluded to eliminate the condition of probation that Birdsong be limited to a fifty-five hour work week and report to the Bar regarding her workload. The monitoring of this condition would be awkward, and the three courses Birdsong is required to take as conditions of probation should be sufficient to impress upon her the importance of maintaining a workload that can be managed in a professional manner. Finally, we approve of the referee's award of $2,369.99 in costs because the Bar's itemized expenses are authorized by rule and reasonable.
Accordingly, Deanna McBride Birdsong is hereby suspended from the practice of law for a period of thirty days. Birdsong is suspended effective thirty days from the date of this opinion to allow her time to wind up *1202 her practice and attend to the protection of her clients' interests. She shall provide her clients with notice of her suspension, as required by rule 3-5.1(g) of the Rules Regulating The Florida Bar, and shall accept no new business from the date this opinion issues until her suspension is completed. Further, immediately following her suspension, Birdsong is to be placed on probation for a period of one year. As conditions of her probation, Birdsong must (1) complete a minimum of fifteen hours of Florida Bar approved professional ethics education; (2) complete a Florida Bar approved law office management course; and (3) complete a Florida Bar approved personal/professional time management course. Finally, judgment for costs of these proceedings is hereby entered against Deanna McBride Birdsong in the amount of $2,369.99, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Even liberally construed, Birdsong's petition cannot be read as a challenge to the referee's findings of fact and recommendations as to guilt.
[2] At the time, Birdsong apparently was not aware that Smith had met with the Williamses.
[3] Birdsong contends that she continued to represent Karimi because the Williamses provided a tacit waiver by virtue of Lawyer's continued negotiations with Birdsong after the motion to disqualify had been filed.
[4] However, the referee recognized that Birdsong was reprimanded for her handling of a probate matter pursuant to a consent judgment entered in 1993.