673 So.2d 1 (1996)
THE FLORIDA BAR, Petitioner,
v.
Thomas Anthony SOFO, Respondent.
No. 84133.
Supreme Court of Florida.
January 18, 1996.
Rehearing Denied April 18, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for Complainant.
Thomas A. Sofo, pro se, Alexandria, Virginia.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Thomas Sofo. Sofo petitions for consideration of the recommended discipline. We have jurisdiction. Art. V, § 15, Fla. Const.
According to the referee's findings of fact, Thomas Sofo was general counsel for Micro Environmental, Inc. (Micro). In addition to drawing a base salary from Micro, he was a stockholder in the company. In early 1992, Micro reached an agreement with New Earth Environmental Technologies, Inc. (Neetco), whereby Neetco purchased Micro's assets and certain assets of a related company called Gulf States Environmental, Inc. This agreement provided that Neetco make periodic payments to Micro and its stockholders, including Sofo, for purchase of Micro's assets. The agreement also provided for Sofo's employment as general counsel to Neetco. Sofo continued his representation of Micro while drawing a salary as general counsel for Neetco.
Eventually, Neetco became interested in renegotiating the financial arrangements reached in the sale of Micro's assets. Neetco proposed a new agreement that would result in significantly less compensation for Sofo's stock in both companies. In response, Sofo, who like the other principals of Micro had been growing increasingly dissatisfied with Neetco's performance under the original terms of the sale, took action against Neetco. Although Sofo was Neetco's general counsel, he sent a letter on August 31, 1992, to the principals of Neetco imposing a 5 p.m. deadline by which Neetco was to indicate its willingness to perform in accord with the original agreement or Micro would take back the technology sold to Neetco. The letter was written on Neetco letterhead and signed by Sofo as general counsel.
When Neetco defaulted on the deadline, Sofo issued another letter on August 31, on Micro letterhead and signed by Sofo as general counsel, that purported to terminate the agreement and return to Micro the technology previously sold to Neetco. On September 9, 1992, Sofo sent a signed letter to several of Neetco's customers advising them that Micro had terminated the agreement and that Neetco was no longer authorized to use the *2 Micro technology. Sofo claimed that the August 31 letters constituted the termination of his employment with Neetco. Neetco claimed that his representation was not terminated until September 9.
The referee found that Sofo had dually represented both Micro and Neetco and that such dual representation was a conflict of interest in violation of rule 4-1.7(b) of the Rules Regulating the Florida Bar. He noted that the conflict was exacerbated by Sofo's ownership of stock in both companies. The referee also found that by representing parties with adverse interests in the same matter without consultation and consent, Sofo violated rule 4-1.9(a) of the Rules Regulating the Florida Bar. Finally, the referee found that Sofo violated rules 4-1.8(b) and 4-1.9(b) of the Rules Regulating the Florida Bar by using information obtained in the representation of Neetco to Neetco's detriment and without its consent.
After considering Sofo's personal history and absence of a prior disciplinary record, the referee recommended a one-year suspension and suspension thereafter until Sofo proved rehabilitation as provided in rule 3-5.1(e) of the Rules Regulating the Florida Bar. The referee also recommended that Sofo be charged with costs in the amount of $1,917.52.
Sofo asks this Court to reject the referee's recommended discipline. He argues that a one-year suspension is unduly harsh in light of the facts and the mitigating factors that are relevant pursuant to the Florida Standards for Imposing Lawyer Sanctions. Specifically, Sofo contends the referee should have considered: absence of a prior disciplinary record (9.32(a)); absence of a dishonest or selfish motive (9.32(b)); cooperation with the disciplinary process (9.32(e)); evidence of good character or reputation (9.32(g)); imposition of other penalties or sanctions (9.32(k)); and remorse (9.32(l)). Sofo maintains that a public reprimand is the appropriate discipline for his misconduct, which he characterizes as "an isolated instance of a lapse in judgment." The Bar contends that all applicable mitigating information was considered by the referee prior to her recommendation, and that the aggravating factors of dishonest or selfish motive (9.22(b)) and substantial experience in the practice of law (9.22(i)) support the referee's recommended sanction.
We find that there is competent, substantial evidence supporting the referee's findings as to guilt. Additionally, we find that suspension is appropriate under these facts. However, we conclude that a ninety-one day suspension,[1] with reinstatement conditioned upon Sofo taking and passing the Multistate Professional Responsibility Examination, is the proper sanction in this case considering respondent's lack of prior disciplinary record as well as other disciplinary cases involving similar misconduct. For example, this Court approved a ninety-day suspension in Florida Bar; In re Pahules, 334 So.2d 23 (Fla.1976), where an attorney who formed and owned stock in two corporations undertook representation of both in spite of their conflicting interests. Furthermore, we find the purposes of lawyer discipline are adequately served in this case by a ninety-one day suspension. See Florida Bar v. Lord, 433 So.2d 983 (Fla.1983).
Accordingly, Thomas Sofo is hereby suspended for a period of ninety-one days and thereafter for an indefinite period until he demonstrates proof of rehabilitation, passes the Multistate Professional Responsibility Examination, and pays the costs of the disciplinary proceedings. The suspension will be effective thirty days from the filing of this opinion so that Sofo can close out his practice and protect the interests of his existing clients. If Sofo notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Sofo shall accept no new business from the date this opinion is published until the suspension is completed. Judgment is entered against *3 Thomas Sofo for costs in the amount of $1,917.52, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Any suspension in excess of ninety days requires proof of rehabilitation for reinstatement. R.Regulating Fla.Bar 3-5.1(e).