313 So.2d 688 (1975)
THE FLORIDA BAR, Complainant,
v.
Morton H. SILVER, Respondent.
No. 47303.
Supreme Court of Florida.
May 21, 1975.
Stephen F. Rossman, Miami, and John A. Weiss, Tallahassee, for The Florida Bar, complainant.
PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On March 3, 1975, counsel for the complainant filed the Complaint with The Florida Bar alleging:
"1. The Respondent, Morton H. Silver is, and at all times mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
"2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
"3. The Respondent was charged with a violation of Title 26, United States Code, Section 7203, in an Information filed by the United States Attorney on December 12, 1973, in the United States District Court for the Middle District of Florida; a copy of said Information being attached hereto and made a part of this Complaint.
"4. A violation of Title 26, United States Code, Section 7203, is a misdemeanor and constitutes the crime of willfully and knowingly failing to file an income tax return.
"5. The Respondent was adjudged guilty of violating Section 7203 of Title 26 of the United States Code by United States District Judge Peter T. Fay on March 5, 1974, pursuant to a plea of nolo contendere submitted by Respondent Silver to Count II of the Information filed against him.
"6. By reason of the foregoing, Respondent has violated Rule 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar and DR 1-102(A) (4) of the Code of Professional Responsibility."
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Morton H. Silver, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts contained in the Complaint cited above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of $290.70 are hereby taxed against Respondent.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.