PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On November 11, 1975, Bar counsel for The Florida Bar filed with the referee a Complaint charging respondent with violating Rule 11.02(3)(a) and (b) of the Integration Rule and Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility. The Complaint reads as follows:
“1. The respondent, Abe Schonfeld, is, and at all times hereinafter mentioned was, a member of the Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
“2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of this Complaint, required by the Integration Rule, have been fulfilled.
“3. The respondent was charged with violating Title 26, United States Code, Section 7203, in a six-count information filed in the United States District Court, Middle District of Florida, on December 12, 1973; a copy of said information is attached to this complaint and made a part thereof.
“4. A violation of Title 26, United States Code, Section 7203, is a misdemeanor and constitutes the crime of wilfully and knowingly failing to file an income tax return.
*78 “5. The respondent was adjudged guilty of violating Section 7203 of Title 26 of the United States Code by United States District Judge William 0. Mehrtens on July 15,1974, pursuant to a plea of guilty submitted by respondent to Count V of the information filed against him. A copy of the judgment and commitment is attached to this Complaint and made a part thereof.
“6. Respondent was sentenced to 60 days imprisonment and was fined $1,000.
“7. By reason of the foregoing, respondent has violated Rule 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar and DR 1-102(A)(4) of the Code of Professional Responsibility.”
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Abe Schonfeld, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of One Hundred Thirty-Five Dollars and Two Cents ($135.02) are hereby taxed against Respondent.
IT IS SO ORDERED.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.