344 So.2d 1280 (1977)
THE FLORIDA BAR, Complainant,
v.
William Huger TURNER, III, Respondent.
No. 50708.
Supreme Court of Florida.
April 7, 1977.
*1281 Melvin C. Alldredge, Bar Counsel, Miami, and John A. Weiss, Asst. Staff Counsel, Tallahassee, for The Florida Bar, complainant.
William Huger Turner, III, in pro. per.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against William Huger Turner, III, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record were duly filed with this court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
Having considered the pleadings and evidence, the referee found as follows:
"1. The allegations of Count I have been established by the evidence and exhibits taken before me.
"2. Respondent is and was a member of The Florida Bar.
"3. The Respondent was charged with a violation of Title 26, United States Code, Section 7203, which constitutes a misdemeanor and constitutes a crime of failing to file an Income Tax Return.
"4. The Respondent pled guilty and was adjudged guilty for failing to file an Income Tax Return for the calendar year 1970 and was sentenced and served six (6) months imprisonment to be followed by two years of probation, which terminated September 8, 1976. (Transcript pages 18-20, 31-33, 37). (Answer to Request for Admissions 2D, 2E).
"5. By reason of the foregoing, the Respondent has violated Rule 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar and DR 1-102(A)(4) of the Code of Professional Responsibility.
"6. The allegations of Count II have been established by the evidence and exhibits taken before me.
"7. Respondent pled guilty and was adjudged guilty of violating Title 26, United States Code, Section 7203 by failing to file an Employer's Income Tax Return for the period April 1, 1971 to June 30, 1971, which constitutes a misdemeanor and a crime. Respondent was sentenced to six (6) months imprisonment which was followed by two years of probation, which expired September 8, 1976 and which ran concurrently with his sentence referred to in Count I. (Transcript pages supra and Answer To Request for Admissions 2H, 2I and 2L).
"8. By reason of the foregoing, the Respondent has violated Rule 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar and DR 1-102(A)(4) of the Code of Professional Responsibility."
The referee recommends that respondent be found guilty of violation of Rule 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar and DR 1-102(A)(4) of the Code of Professional Responsibility and recommends that respondent receive a public reprimand.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, William Huger Turner, III, is hereby publicly reprimanded, and the publication of this order and judgment shall constitute a public reprimand.
Execution is hereby directed to issue against respondent for costs in the amount of $338.50.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and KARL, JJ., concur.