PER CURIAM.
This attorney discipline proceeding is before the Court on the complaint of The Florida Bar and the report of the referee. The Florida Bar has petitioned for review pursuant to article XI, Rule 11.09(1) of the *477 Integration Rule of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
In May, 1982, the respondent, Francis W. Blankner, was indicted by a federal grand jury on three counts of willfully and knowingly failing to file income tax returns for 1977, 1978, and 1979. Under 26 U.S.C. § 7203 (1982), any person who willfully fails to file a tax return is guilty of a misdemeanor. The respondent pled guilty to count II of the indictment, which charged him with failing to file a return for 1978. Counts I and III were then dismissed by the government. Respondent was sentenced to five years’ probation and fined ten thousand dollars.
In February, 1983, The Florida Bar filed a formal complaint against the respondent. The complaint charged that the respondent violated article XI, Rule 11.02(3)(a) and (b), of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(4) and 1-102(A)(6) of the Code of Professional Responsibility. Specifically, the complaint alleged that the respondent knowingly failed to file his federal income tax returns for the years 1970 through 1975 and 1977 through 1979. The respondent answered by denying the allegations as to the years 1977 through 1979, but he admitted the allegations as to the years 1970 through 1975.
A referee was appointed and a hearing was held. The referee found that the respondent failed to timely file his personal income tax returns for the years 1970 through 1979 and that respondent belatedly filed his return for 1976 in 1980 and his returns for 1977, 1978, and 1979 in 1981.
Testimony at respondent’s hearing revealed that he suffered financial difficulties and that he failed to file tax returns because of his inability to pay the taxes owed. Testimony also revealed that respondent timely filed all his partnership tax returns. The referee recommended that the respondent be found guilty of the charges brought by The Florida Bar, which then asked that respondent be suspended for ninety-one days with proof of rehabilitation prior to reinstatement. The referee, however, recommended that the respondent receive a public reprimand and, due to the cumulative nature of the respondent’s misconduct, that the respondent be suspended from the practice of law for a period of two months with automatic reinstatement at the end of the suspension period. In recommending this discipline, the referee noted that the respondent was admitted to the bar in 1949 and had had no prior disciplinary charges brought against him. The referee also noted that respondent is an excellent family man with an otherwise impeccable professional, social, and military record.
The Florida Bar now petitions this Court to review the referee’s recommended discipline. The Bar contends that the recommended discipline is erroneous considering the number of years in which the respondent failed to file his personal income tax return. Although the Bar requested that the referee suspend the respondent for ninety-one days, the Bar now argues that the respondent should be suspended for one year with proof of rehabilitation required prior to reinstatement. The respondent argues that the referee’s recommendation is supported by the evidence presented at the hearing. Respondent also contends that the recommended discipline is supported by the case law.
Several decisions of this Court have considered the discipline appropriate in cases involving attorneys who have failed to file tax returns, a misdemeanor under federal law. See 26 U.S.C. § 7203 (1982). In the first of these decisions, The Florida Bar v. Childs, 195 So.2d 862 (Fla.1967), the respondent, a respected municipal judge, failed to file income tax and social security tax returns. The referee, considering the respondent’s reputation for honesty and integrity in the community, recommended that respondent be given a public reprimand. As in the instant case, the Bar requested that the respondent be suspended for a period of one year and thereafter until he proved his rehabilitation and fitness to practice law. This Court determined that a six-month suspension was an *478 adequate penalty. In The Florida Bar v. Silver, 313 So.2d 688 (Fla.1975), the respondent pled nolo contendere to a federal charge that he failed to file an income tax return. Upon a conditional guilty plea to a violation of the bar disciplinary rules, the referee recommended that the respondent be publicly reprimanded. This Court approved the respondent’s conditional guilty plea. Public reprimands for attorneys convicted of failing to file tax returns were also approved by this Court in several subsequent cases. See The Florida Bar: In re Beamish, 327 So.2d 11 (Fla.1976); The Florida Bar: In re Schonfeld, 336 So.2d 77 (Fla.1976); The Florida Bar v. Turner, 344 So.2d 1280 (Fla.1977); The Florida Bar v. Ryan, 352 So.2d 1174 (Fla.1977); The Florida Bar v. Greenspahn, 366 So.2d 396 (Fla.1978); The Florida Bar v. Wasman, 366 So.2d 409 (Fla.1978); and The Florida Bar v. Marks, 376 So.2d 9 (Fla.1979). None of these cases involved misconduct which affected a client.
In The Florida Bar v. Lord, 433 So.2d 983 (Fla.1983), disciplinary proceedings were brought against an attorney who failed to file income tax returns for twenty-two years. The federal government did not prosecute Lord for the felony offense of tax evasion, but accepted a guilty plea to the misdemeanor offense of failing to file tax returns. He received a one-year sentence of imprisonment, of which all but ninety days was suspended. The Bar recommended that Lord be suspended for ninety-one days to assure that Lord could not be automatically reinstated following the suspension period. The referee had recommended that Lord be suspended for three months with automatic reinstatement. In considering the proper discipline in Lord, this Court noted that
[discipline for unethical conduct by a member of The Florida Bar must serve three purposes: First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
Id. at 986 (citations omitted). Considering this articulated standard in view of the charges against Lord, we determined that the recommended three-month suspension with automatic reinstatement lacked “the requisite severity to adequately deter others tempted to engage in similar violations.” Id. Because Lord’s conduct was cumulative and reflected “a flagrant and deliberate disregard” for the law, this Court suspended him for six months and, as important, required proof of rehabilitation prior to reinstatement. Id.
This Court’s decision in Lord represented a return to the higher standard set out in The Florida Bar v. Childs, 195 So.2d 862 (Fla.1967), requiring that an attorney not only be suspended for failure to file tax returns but that reinstatement would not be automatic and that subsequent proceedings to determine character and fitness to practice law would be required. Lord serves notice that in the future an attorney’s failure to file a tax return, even though such failure is a misdemeanor under federal law and no client is injured, will warrant a suspension and subsequent inquiry into the attorney’s fitness to practice law before reinstatement will be granted. For such conduct a public reprimand will no longer be viewed as sufficient.
Although in the instant case the respondent’s conduct was not as flagrant as that exhibited in Lord, the respondent’s conduct was cumulative in nature and did result in respondent’s being placed on probation and fined by the federal court. We reject the Bar’s contention that the respondent be suspended for one year. In accordance with our decision in Lord, however, we find that the appropriate discipline in this case is a suspension of six months subject to the requirement that the respondent prove rehabilitation prior to reinstatement. This *479 discipline is still greater than that originally requested by The Florida Bar in the hearing before the referee.
Accordingly, the respondent is suspended for a period of six months effective October 22, 1984, giving him time to protect the interests of his client. Respondent shall pay the costs of this proceeding in the amount of $817.31.
It is so ordered.
OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
ALDERMAN and EHRLICH, JJ., concur specially with an opinion.
BOYD, C.J., concurs in part and dissents in part with an opinion.
ADKINS, J., dissents with an opinion.