501 So.2d 722 (1987)
Kenneth B. HUTCHINS, Appellant,
v.
Charles T. HUTCHINS and Kelly R. Hutchins, His Wife, Appellees.
No. 85-1834.
District Court of Appeal of Florida, Fifth District.
January 29, 1987.
Hal K. Litchford and Robert W. Burijon, Jr., of Litchford & Christopher, P.A., Orlando, for appellant.
Patricia Fields Anderson and Frank McClung of McClung & Anderson, Brooksville, for appellees.

ON MOTION FOR SANCTIONS
COBB, Judge.
The appellant herein has moved for the imposition of sanctions against adverse counsel, attorneys Patricia Fields Anderson and Frank McClung, for including in the appellees' brief a misrepresentation in regard to the facts below. The appellant, Kenneth Hutchins, was the defendant in a civil action via counterclaim filed by his brother and business associate, Tom, alleging tortious interception of telephone conversations at their business office. Ken's pretrial deposition was taken and he refused to answer all questions concerning the alleged wiretapping, citing his Fifth Amendment privilege against self-incrimination. At the taking of his second deposition, however, Ken waived his privilege and answered all relevant questions regarding the tapping of telephone conversations on the business line in the office during the time period alleged in the counterclaim. Ken continued to assert that privilege in regard to the interception of his (Ken's) former wife's private telephone conversations on their home phone. The latter conversations, of course, were not at issue in the instant litigation, and their relevancy is not readily apparent.
Nevertheless, the appellees' brief contains the following language on pages 15, 15a and 15b thereof:
Ken attempts to categorize civil cases in which a party relies on his Fifth Amendment rights into three types: first, the party steadfastly refuses to waive his privilege; second, the party asserts the privilege during discovery but unexpectedly waives it at trial to give "surprise" testimony; and third, the party invokes the privilege in "early" discovery but consciously waives it before trial (App.Br. 23-15). Ken erroneously has placed this case into the third category.
In fact, the first time Ken gave live testimony about his wire-tapping was during the trial. He had twice refused to give deposition testimony on the very topics on which he waxed so eloquent in the courtroom. If this case is to be categorized, it should be as a "Type 2" case, a category Ken admits is appropriate for sanctions.
Ken flatly played games during discovery. First he raised an affirmative defense of Tom's consent. Then, in deposition, he refused to give any testimony that would have allowed Tom to explore *723 this surprising defense, so Tom moved for summary judgment. Lo and behold, Ken filed an opposing affidavit setting out the essence of his consent defense, and the Court denied the motion for summary judgment. So, for the second time, Tom took Ken's deposition, hoping finally to thrash out the consent allegation.
Any hope for meaningful pre-trial discovery was dashed when Ken yet again in deposition refused to testify about this crucial area and related areas. Obviously, further attempts at discovery would have been futile, yet when Ken took the stand at trial he became most voluble.
If Ken's trial testimony was not a surprise, it is hard to imagine what would be. The trial court recognized the inherent unfairness of Ken's strategy, and thus allowed Tom to let the jury hear Ken's deposition conduct (R. 340). By that time, it was too late to strike Ken's defenses  a result approved by Jardine, supra  and the allowance of the impeachment was an alternative mild, indeed. This sanction was consistent with the ultimate function of a trial: to find the truth. Ken's plan backfired on him, and now he complains he was unfairly prejudiced. If anyone was prejudiced, it was Tom, who was denied any meaningful pre-trial discovery on Ken's potentially complete defense.
In written response to the appellant's motion for sanctions, attorneys Anderson and McClung accused appellant's counsel of "an attempt to obfuscate the issues and divert the Court's attention." They insisted that "Ken never fully submitted to discovery," that opposing counsel was indulging in an unwarranted ad hominem argument, and categorically denied any intent to deceive this court. At no point in the response did they acknowledge a patent misrepresentation by the language quoted above  which clearly indicates that Ken Hutchins refused to give pretrial deposition testimony about the wiretapping of the business phone and his claim of consent in regard thereto.
Pursuant to Florida Rule of Appellate Procedure 9.410, we notified counsel (Anderson and McClung) of prospective sanctions in this case based on the misrepresentation in appellees' brief, and ordered them to personally appear before this court and show cause why such proposed sanctions should not be imposed. Counsel appeared at the designated time and, for the first time, acknowledged the misleading nature of the language quoted above. Ms. Anderson represented that when drafting the offending brief and the recent response, she had neglected to properly review Ken's second deposition.
We are concerned that counsel who appear before this court clearly understand that briefs submitted to us, upon which we must rely so heavily in the discharge of our appellate function, be truthful and fair in all respects. As we stated in Addison v. Brown, 413 So.2d 1240, 1241 (Fla. 5th DCA 1982), an attorney "always carries a duty and obligation of candor" in presentations and submissions to the court.
Accordingly, we grant the appellant's motion and impose the following sanctions:
1. The language quoted above on pages 15, 15a and 15b of the appellees' brief is stricken.
2. Counsel indicated above  Patricia Fields Anderson and Frank McClung  are assessed and directed to pay an attorney's fee to the law firm of Litchfield, Christopher and Milbrath in the amount of $300.00. Said fee shall be paid by the attorneys, not their clients, within ten (10) days of the date of this opinion.
IT IS SO ORDERED.
UPCHURCH, C.J., and SHARP, J., concur.