538 So.2d 852 (1989)
THE FLORIDA BAR, Complainant,
v.
Patricia F. ANDERSON and Frank A. McClung, Respondents.
No. 70827.
Supreme Court of Florida.
February 23, 1989.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
Richard T. Earle, Jr. of Earle and Earle, St. Petersburg, for respondents.
PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court for consideration of the findings and recommendations of the referee's report. The Florida Bar has filed a petition for review. We have jurisdiction, article V, section 15, of the Florida Constitution, and consider the case pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.[1]
The facts found by the referee parallel those previously reported in Hutchins v. Hutchins, 501 So.2d 722 (Fla. 5th DCA 1987), wherein respondents here were sanctioned for uncorrected misrepresentations to the court. Basically, respondents submitted a brief to the appellate court misrepresenting the facts of a case before the court and making extended argument based on the inaccurate facts. Despite the exposure of this inaccuracy by the opposing party, respondents did not acknowledge the patent misrepresentations, maintaining instead in a written response to a motion for sanctions that the opposing party was attempting to obfuscate and deceive the court. Respondents finally acknowledged the misleading nature of their representations when personally confronted and closely questioned by the court in a hearing on the motion of opposing party for sanctions.
The referee's report recommends that both respondents be found guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) (conduct contrary to honesty, justice, or good morals); Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(5) (conduct prejudicial to the administration of justice); and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). The referee *853 also recommends that respondent McClung be found guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The parties all agree on these findings of guilt and we approve the referee's report in this respect.
The Florida Bar disagrees, however, with the referee's recommendations that respondent Anderson be found not guilty of violating rule 1-102(A)(4), and that both respondents be found not guilty of violating rule 7-106(C)(1). Concerning the recommendation that respondent Anderson be found not guilty of rule 1-102(A)(4), the Bar argues that both respondents were fully involved in the preparation of the brief containing the misrepresentations and that both respondents failed to correct the misrepresentations even though both became aware of their inaccuracy. Respondent Anderson argues that she did not conduct the discovery or the trial and was not personally cognizant of the details on which the misrepresentation was based. In support, respondent McClung urges that he inadvertently misled respondent Anderson when she queried him concerning the events during discovery and trial prior to the preparation of the brief. It is clear that the referee who observed the demeanor of the witnesses found respondent's arguments credible. Because there is some evidentiary support for the referee's conclusion that respondent Anderson was less culpable than respondent McClung, we approve the referee's recommendation of not guilty. The Florida Bar v. Stalnaker, 485 So.2d 815, 816 (Fla. 1986).
The Bar also argues that both respondents should be found guilty of violating rule 7-106(C)(1) (stating or alluding to any matter that counsel has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence). The Bar's position is that this finding of not guilty is inconsistent with the findings of guilt on other charges and that the record shows that both respondents, whatever their initial degree of knowledge, became aware that their representations to the court were contrary to the record on appeal and yet persisted in these representations. Respondents argue that the evidence does not show that they intentionally misstated facts and that the referee's recommendation is supported by the record. We approve the recommendation of the referee. Stalnaker.
The final issue concerns the imposition of discipline. The referee recommends that respondent McClung receive a public reprimand and that respondent Anderson receive a private reprimand. The Bar argues first that respondent Anderson's misconduct was not minor, and that a private reprimand is not the appropriate punishment. We agree. Rule 3-5.1(b) of the Rules Regulating The Florida Bar provides in pertinent part that a private reprimand is not appropriate where the misconduct includes misrepresentation on the part of the respondent.[2] It is uncontroverted that the conduct complained of involved a misrepresentation to the court and that respondent Anderson was guilty of conduct contrary to honesty, justice, or good morals; of conduct prejudicial to the administration of justice; and of conduct adversely reflecting on the fitness to practice law.
The Bar next argues that reprimands are inadequate discipline and that both respondents should be suspended for a period of sixty days. In support, the Bar points out that section 6.12 of Florida Standards for Imposing Lawyer Sanctions, which was approved by the Board of Governors in November 1986, provides that a suspension is appropriate where the misconduct is prejudicial to the administration of justice or involves dishonesty, fraud, deceit, or misrepresentation to a court and no remedial action is taken. Respondents argue that they were negligent but did not knowingly mislead the court. In their view, section *854 6.14[3] of the standards is the applicable guideline.
In reviewing a referee's recommendations for discipline, our scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is our responsibility to order an appropriate punishment. The Florida Bar in re Inglis, 471 So.2d 38, 41 (Fla. 1985). Discipline must be fair to the public and to the respondent and "must be severe enough to deter others who might be prone or tempted to become involved in like violations." The Florida Bar v. Lord, 433 So.2d 983, 986 (Fla. 1983) (emphasis in original). We agree, in part, with the Bar's recommendations of discipline. We are concerned that respondents not only misrepresented the facts to the district court but failed to correct the misrepresentations even when they were brought to their attention. By their actions, respondents violated their responsibilities as officers of the court. We agree with the Bar that private and public reprimands for respondents Anderson and McClung, respectively, are inadequate. Accordingly, we order that respondent McClung be suspended for a period of thirty days and that respondent Anderson be publicly reprimanded through publication of this opinion.
Respondent McClung shall have thirty days to close his practice in an orderly fashion and protect the interests of his clients; therefore, the suspension ordered herein shall take effect March 27, 1989. As provided by rule 3-5.1(h) of the Rules Regulating The Florida Bar, respondent McClung shall provide notice of this suspension to his clients and shall accept no new clients from the date of this order until reinstated.
The costs of these proceedings are taxed against respondents and judgment is entered in the joint amount of $1,419.92, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The Florida Bar's complaint and the referee's report were based on the former Integration Rule and Florida Bar Code of Professional Responsibility.
[2] The Bar also points out that a private reprimand would be inappropriate inasmuch as the public has been made aware of the misconduct through the sanction proceedings before the district court, through the probable cause proceedings before the grievance committee, and through the release of an amendment to the referee's report.
[3] Section 6.14 reads:

Private reprimand is appropriate when a lawyer is negligent in determining whether submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no actual or potential injury to a party, or causes little or no adverse or potentially adverse effect on the legal proceeding.