566 So.2d 260 (1990)
Evelyn HAYS, Petitioner,
v.
Michael W. JOHNSON, Etc., et al., Respondents.
No. 89-2123.
District Court of Appeal of Florida, Fifth District.
April 26, 1990.
Rehearing Denied May 8, 1990.
James A. Shook, Ocala, for petitioner.
Michael W. Johnson, and Ronald I. Cole, Ocala, for respondents.
PER CURIAM.
The natural mother of a minor child filed a petition for writ of habeas corpus with this court seeking release of the child to her custody. The petition alleged that an order was entered granting temporary custody to respondent Michael Johnson, an attorney, and argued that the child was being held "in shelter care" beyond the period allowed by law. After reviewing the responses filed by respondent Johnson and Jolene Cazzola, the Circuit Director for the guardian ad litem program in Marion County, Florida, we find that the petition is without merit and deny the requested relief.
Normally, this would end the matter before the court. However, in this case, after receiving the responses to the petition for writ of habeas corpus, this court issued a rule to show cause, pursuant to Rule 9.410, Florida Rules of Appellate Procedure, *261 why sanctions should not be imposed against petitioner's counsel, James A. Shook, for omitting material facts in the petition filed with this court.[1] Specifically, the petition failed to reveal that petitioner had consented in writing to the appointment of attorney Johnson as custodian of the child, with the discretion to place the child as he saw fit, until further order of the court. Furthermore, the petition did not disclose that the temporary custody order was entered as a result of petitioner's incarceration for contempt of court for violating an order allowing the child's father visitation rights and for refusing to reveal the whereabouts of the child to the court and that petitioner's counsel had sought numerous continuances of the proceedings himself. The responses also revealed that petitioner had allegedly waived all the time limits set forth in the juvenile rules.
Again, we must emphasize that all counsel who appear before this court must be truthful and fair in their petitions. See Hutchins v. Hutchins, 501 So.2d 722 (Fla. 5th DCA 1987). Complete candor is especially vital where relief is urgently sought and the time for a response from the opposing party limited. See, e.g., Addison v. Brown, 413 So.2d 1240 (Fla. 5th DCA 1982), affirmed, 428 So.2d 663 (Fla. 1983). Such full disclosure is clearly mandated by the Rules Regulating The Florida Bar.[2] As this court pointed out in Ramey v. Thomas, 382 So.2d 78, 81 (Fla. 5th DCA 1980), an attorney is first an officer of the court, bound to serve the ends of justice with openness, candor and fairness to all. See also State ex rel. Florida Bar v. Murrell, 74 So.2d 221, 226 (Fla. 1954).
Petitioner's counsel in this case responded to the show cause order by attempting to reargue the merits of the petition, rather than explaining the material omissions in his pleading. This court will not tolerate the actions of any attorney who misleads the court in material matters. Accordingly, counsel for petitioner is admonished and assessed and directed to pay the attorney's fees incurred by the respondents in preparing responses to the petition for writ of habeas corpus.[3] Such fees shall be paid by counsel, and are not chargeable to petitioner. This case is remanded to the Circuit Court of the Fifth Judicial Circuit in and for Marion County and Circuit Court Judge Victor J. Musleh is appointed Commissioner of this court for the purpose of determining the reasonable amount of attorney's fees to be paid, after conducting a hearing.
WRIT DENIED; REMANDED with instructions.
COBB, W. SHARP and HARRIS, JJ., concur.
NOTES
[1] Rule 9.410, Florida Rules of Appellate Procedure, provides that after ten days' notice, the court may impose sanctions for any violation of the rules or for the filing of any proceeding which is frivolous or in bad faith.
[2] Rule 4-3.3(a), and Rule 4-3.3(d), Rules Regulating The Florida Bar.
[3] Respondent Johnson is entitled to recover attorney's fees in this matter even though he filed a response on his own behalf.