631 So.2d 1092 (1994)
THE FLORIDA BAR, Complainant,
v.
Lewis R. PEARCE, Respondent.
No. 80377.
Supreme Court of Florida.
February 10, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
Lewis R. Pearce, pro se.
PER CURIAM.
This attorney-discipline proceeding is before the Court on petition of The Florida Bar. In its petition for review, the Bar contests the referee's recommended discipline of a public reprimand. We have jurisdiction. Art. V, § 15, Fla. Const.
The facts of this case are not in dispute. The sole issue before us is what sanction to impose on Lewis R. Pearce, an attorney who failed to file his federal income tax returns for two years. We depart from the referee's recommendation and suspend Pearce for forty-five days to underscore an attorney's special obligation to obey the law.
The Bar filed a complaint against Pearce in 1992 after Pearce pleaded guilty in federal court to misdemeanor charges of failure to file individual income tax returns for the years 1986 and 1987. Under a plea agreement in federal court, Pearce delinquently filed his 1986 return on March 27, 1990, and his 1987 return on December 11, 1990. His tax liability as reported on the delinquently filed returns totaled about $25,000. The federal court sentenced Pearce to two concurrent four-year probation terms for each misdemeanor count and fined him $2500 for each count.
*1093 The Bar referee found Pearce guilty of violating four Rules Regulating The Florida Bar: Rule of Discipline 3-4.3 (engaging in conduct that is unlawful or contrary to honesty and justice); Rule of Professional Conduct 4-8.4(a) (violating Rules of Professional Conduct); Rule of Professional Conduct 4-8.4(b) (committing a criminal act that adversely reflects on the lawyer's honesty, trustworthiness, or fitness as a lawyer); and Rule of Professional Conduct 4-8.4(d) (engaging in conduct prejudicial to the administration of justice).
The referee recommended that Pearce be publicly reprimanded and placed on probation for thirty months. The Bar petitioned this Court for review of the referee's recommended discipline, asserting that the appropriate sanction for Pearce would be a suspension of at least six months.[1] Pearce argues that the referee's recommendation of a public reprimand is appropriate.
While a referee's findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record, see The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986), our scope of review is somewhat broader when we review a referee's recommendations of discipline. The Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla. 1989). This is because we ultimately have the responsibility to order an appropriate sanction. Anderson, 538 So.2d at 854. Before recommending a public reprimand, the referee considered the mitigating factors that Pearce was forty-nine years old and had no prior disciplinary convictions or disciplinary measures imposed since his admission to the Bar in 1973. In addition, Pearce points out that he cooperated with federal authorities after he was charged. While recognizing these factors, we nonetheless do not find sufficient mitigation to justify a mere public reprimand.
In deciding the appropriate sanction for an attorney's misconduct, a bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must sufficiently deter other attorneys from similar misconduct. See, e.g., The Fla. Bar v. Poplack, 599 So.2d 116, 118 (Fla. 1992); The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970). This Court has imposed both suspensions and public reprimands on attorneys who have failed to file federal income tax returns. Compare The Fla. Bar v. Blankner, 457 So.2d 476 (Fla. 1984) (six-month suspension after conviction of one count of failure to file income tax returns; referee also found that attorney filed tax returns late for ten years) with The Fla. Bar v. Ryan, 352 So.2d 1174 (Fla. 1977) (public reprimand for failing to file income tax returns for three years). We now find correct the approach taken in Blankner and The Florida Bar v. Lord, 433 So.2d 983 (Fla. 1983) (six-month suspension for failure to file income tax returns for twenty-two years).
Knowledge of the law is part and parcel of an attorney's job. The law Pearce violated twice was hardly obscure: Filing an annual tax return is an ingrained part of American life. Yet Pearce failed not once, but twice, to file his tax returns. A suspension for this repeated misconduct will serve the purposes of bar discipline. Under these circumstances, however, we find the Bar's recommendation of a six-month suspension to be too harsh. The six-month suspensions imposed in Lord and Blankner came after the lawyers committed numerous violations. Pearce does not have a lengthy history of failing to file federal income tax returns. By imposing a forty-five-day suspension on Pearce, we strike the balance by acknowledging the seriousness of his offense and preserving his ability to practice law without a lengthy rehabilitation. A suspension of ninety days or less does not require proof of rehabilitation or passage of the bar examination. R. Regulating Fla.Bar 3-5.1(e). Also, the sanction of a forty-five-day suspension *1094 will deter other attorneys from similar misconduct.
The fact that clients were not harmed by Pearce's behavior does not merit the lesser sanction of a public reprimand. Under the definitions in the Florida Standards for Imposing Lawyer Sanctions, injury encompasses not only harm to a client, but also harm to "the public, the legal system, or the profession which results from a lawyer's misconduct." Pearce's misconduct was a serious offense that adversely reflects on the practice of law and reflects poorly on the profession.
Accordingly, we suspend Pearce from the practice of law for forty-five days. We also impose the other penalties the referee recommended. See supra note 1. The suspension will be effective thirty days from the filing of this opinion so Pearce can close out his practice and protect the interests of existing clients. If Pearce notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Pearce shall accept no new business from the date this opinion is filed. The costs of these proceedings are taxed against Pearce and judgment is entered in the amount of $855.91, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The Bar does not dispute the referee's other recommendations for sanctions. These would require Pearce to serve 30 months of probation; to comply with probation orders of the federal court; to file copies of his 1992, 1993, and 1994 income tax returns with The Bar; to reimburse The Bar for the costs of supervising probation; to perform 200 hours of pro bono work by assisting the elderly and/or the poor with guardianships; and to pay the Bar's costs of prosecuting the case.