GOSHORN, Judge.
Anne Frances Anderson Albert appeals from an order terminating her parental rights. In the initial brief, Albert’s counsel placed quotation marks around a certain statement he attributed to the trial court, which statement, if true, might have indicated Albert’s entitlement to relief. Because this court was unable to find the quoted statement in the record provided, we ordered Albert’s counsel to supplement the record with the pertinent portion of the transcript. In response, Albert’s counsel retreated from his assertion that the quoted language was in the record, but contended that its contents may be inferred from one witness’s testimony. Our review of the record relied on by counsel shows that the witness simply could not remember the critical facts, and thus counsel’s assertion reflects his lack of candor with this court. Appellant’s counsel is reminded of his obligation to be candid and truthful in his presentations and submissions to the court. See R, Regulating Fla. Bar 4-3.3; Hays v. Johnson, 566 So.2d 260 (Fla. 5th DCA 1990), review denied, 576 So.2d 287 (Fla.1991). See also St. Lucie Harvesting & Caretaking Corp. v. Cervantes, 639 So.2d 37, 39 n. 1 (Fla. 4th DCA 1994) (admonishing counsel that “[ajppellate judges should not have to wonder, when reading factual statements containing words in quotes followed by-record references, what counsel intended.”).
AFFIRMED.
COBB and W. SHARP, JJ., concur.