PER CURIAM.
Respondent David Adolphus Bartholf petitions this Court to review a referee’s report recommending that he be required to enter into a contract with Florida Lawyers Assistance, Inc. (“FLA”),[1] and serve a one-year probationary period as conditions of his discipline. We have jurisdiction. See art. V, § 15, Fla. Const.
Bartholf was charged with aggravated assault for assaulting an individual with a golf cart and golf club at the Hyde Park Golf Course in Jacksonville, Florida. Bartholf pled guilty to the lesser offense of battery and the assault charge was dropped. As a condition of his criminal probation, Bartholf attended a class on anger management and was screened by Gateway Community Services as to any problems with alcohol. The evaluation found that alcohol treatment was unnecessary.
On February 16, 1999, the Bar filed a complaint against Bartholf and a request for admissions. After Bartholf filed his response to the request for admissions, the Bar moved for summary judgment. At the hearing on the motion, the parties agreed that the appropriate discipline should be, at a minimum, a public reprimand. However, the Bar farther argued that Bartholf should be required to seek alcohol treatment based upon an evaluation by an FLA-approved physician. The physician recommended “intensive outpatient treatment to address [Bartholfs] alcohol problem and assist in developing a program to maintain abstinence.” Bart-holf contested the evaluation. The parties agreed to the referee entering a disciplinary recommendation based upon his review of four different evaluations of Bart-holf: the original evaluation by the FLA-approved physician (which recommended treatment); a second evaluation by another FLA-approved physician; an evaluation by a reviewer of Bartholfs choice; and the original evaluation by Gateway. The latter three concluded that Bartholf was not in need of treatment.
In his report, the referee granted the Bar’s motion for summary judgment. The referee recommended that Bartholf be found guilty of violating Rules Regulating the Florida Bar 3-4.3 (prohibiting the “commission by a lawyer of any act that is unlawful or contrary to honesty and justice.”) and 4-8.4(b) (prohibiting an attorney from “committing] a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects.”).
The referee further recommended the following discipline: (1) a public reprimand; (2) that Bartholf be required to contract with FLA to treat his alleged alcohol problem; (3) if referred to FLA, that he be “placed on probation for one year and ordered to comply with terms and conditions of the recommended contract^]” and (4) payment of the Bar’s costs. In making this recommendation, the referee considered the following aggravating factors: (1) an admonishment by a report of minor misconduct on October 12, 1993; and (2) substantial experience in the practice of law. The referee considered the following mitigating factors: (1) absence of a dishonest or selfish motive; (2) timely good-faith effort to make restitution or to rectify consequences of misconduct; (3) full and free disclosure to disciplinary board or cooperative attitude toward, proceedings; (4) interim rehabilitation; and (5) remorse.
Bartholf now files a petition for review. Neither the Bar nor Bartholf challenge the referee’s findings of fact regarding the *959 charged misconduct in this case or his conclusions as to guilt. Therefore, we find Bartholf guilty of violating rules 3^4.3 and 4 — 8.4(b).
Bartholf only challenges the portion of the discipline which requires alcohol treatment. In reviewing a referee’s recommended discipline, “our scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is our responsibility to order an appropriate punishment.” Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). Having fully reviewed the referee’s report, the parties’ briefs, and the record below (which includes the four evaluations), we conclude that Bartholf should not be required to contract with FLA at this time. Therefore, we decline to adopt the referee’s report to the extent that it recommends alcohol treatment. However, even though we decline to order Bartholf to contract with FLA, we do find that a probationary period is necessary and adopt the referee’s report to the extent it recommends that Bartholf be placed on probation for a one-year period.
Accordingly, David Adolphus Bartholf is hereby publicly reprimanded. The reprimand shall be accomplished by the publication of this opinion. In addition to the reprimand, Bartholf shall serve one year of probation, effective upon the issuance of this opinion. Judgment is entered in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, FL 32399, for costs from David Adolphus Bartholf in the amount of $1,320.45, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
HARDING, J., recused.

. Florida Lawyers Assistance, Inc., is a nonprofit Florida corporation, funded in part by The Florida Bar, which assists legal professionals with chemical dependency or psychological problems or both.