PER CURIAM.
We have for review an uncontested referee’s report recommending that Susan K.W. Erlenbach be found guilty of professional misconduct and suspended for eighty-nine days, followed by a two-year period of probation. We have jurisdiction. See art. V, § 15, Fla. Const. After considering the parties’ responses to our order to show cause,[1] we approve the referee’s findings of fact and recommendations of guilt. We disapprove the recommended sanction and, instead, impose a one-year suspension, followed by a two-year period of probation.
FACTS
The Florida Bar filed a complaint alleging that Respondent Susan K.W. Erlen-bach had engaged in ethical misconduct. The case was referred to a referee to make findings of fact, recommendations as to guilt, and recommend a disciplinary sanction. Before the referee, the parties stipulated to facts that support a recommendation that Respondent is guilty of violating Rules Regulating the Florida Bar 3-4.3 (commission of an act that is unlawful or contrary to honesty and justice) and 4-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The referee has submitted a report to the Court based on the parties’ stipulation, in which the referee made the following findings of fact and recommendations.
Respondent has failed to file timely joint tax returns for the tax years 1997, 1998, 1999, 2000, 2001, 2002, 2004, 2005, and 2006, even after the extensions permitted by the Internal Revenue Service (IRS). Also, Erlenbach sought and received a discharge of liability for the taxes, interest, and penalties due for tax years 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005. She presently owes taxes, interest, and penalties to the Department of Treasury for tax years 2006, 2007, 2008, and 2009. The failure to file tax returns as required by the Internal Revenue Code is a violation of the Bar rules. See Fla. Bar v. Behm, 41 So.3d 136 (Fla.2010); Fla. Bar v. Marks, 376 So.2d 9 (Fla.1979).
There was no evidence that Respondent attempted to evade responsibility for personal income taxes. The delays in filing the personal tax returns occurred during periods when Erlenbach was preoccupied not only with her law practice but with caring for several members of her extended family who had serious medical conditions from the middle 1990s through 2006. The IRS has imposed significant financial penalties and interest for the late tax returns, but has not charged her with a crime. Respondent has made payments in excess of $500,000 toward past due taxes, interest, and penalties.
In addition, Erlenbach withheld federal income tax, social security tax, and Medicare tax from employees of her professional association, “Susan K.W. Erlenbach, P.A.,” but failed to pay the sums withheld over to the Department of the Treasury as required by the Internal Revenue Code. Respondent engaged in this activity intermittently from 2006 through 2008. As a result, the IRS determined that Respondent’s professional association and Respon *371 dent individually owe a total of $13,634.05. Erlenbaeh and the IRS have agreed to a payment plan, which Erlenbaeh is following by making monthly payments as required by the agreement. More than half of this debt had been paid by the time of the hearing before the referee. The referee found that Erlenbach’s failure to remit employment taxes was not based upon greed or selfish motivation. Her lifestyle was not, and is not, lavish. The referee found that her failure to pay the withhold-ings and the employer’s matching share is due to poor business management of her practice’s finances.
Erlenbach’s intentional failure to pay the Department of the Treasury the funds that were withheld from her employees constitutes violations of 26 U.S.C. § 7202, “Willful failure to collect or pay over tax,” and 26 U.S.C. § 7203, “Willful failure to file return, supply information, or pay tax.” Although Erlenbaeh has not been charged with or convicted of any misdemeanor or felony for her misdeeds, the failure to pay the funds withheld from employees to the federal government violates Bar rules 3-4.3 and 4-8.4(c). Respondent has a repayment agreement with the IRS and is performing her obligations under the agreement. Also, she has admitted that her failure to file timely joint personal tax returns, failure to pay her joint income tax obligations, and failure to pay withholdings violate Bar rules 3-4.3 and 4 — 8.4(c). Er-lenbach has accepted responsibility for her misconduct.
With regard to aggravating factors, Respondent has been the subject of three prior disciplinary proceedings. The first ease, in 2001, resulted in a finding of minor misconduct, admonishment, and one year of probation. For the second case, which occurred in 2006, Erlenbaeh received a public reprimand and two years of probation. In the third case, in 2007, she was the subject of a petition for contempt for failing to comply with the terms of her disciplinary probation. She was suspended in July 2007 subject to her suspension being lifted upon compliance with the terms of probation. Respondent’s suspension was lifted in October 2007 and she completed her probationary period without further incident. Her prior disciplinary cases in 2006 and 2007 are aggravating factors.
The second aggravating factor is that Respondent’s repeated late filing of tax returns and failure to pay taxes demonstrate a pattern of misconduct. She failed to pay over her employees’ withheld taxes to the federal government in 2006, 2007, and 2008.
The third aggravating factor is that Er-lenbach has been practicing law since 1982, so she is experienced as an attorney.
As for mitigating factors, Respondent has admitted that she failed to pay federal income taxes, failed to timely file federal income tax returns, and failed to pay money withheld from her law firm’s employees. She has admitted to violating Bar rules 3-4.3 and 4-8.4(c). Erlenbaeh has accepted responsibility for her misconduct, expressed remorse, and cooperated during these proceedings.
An extensive number of judges and attorneys testified that Respondent is an able advocate who vigorously represents her clients in a capable and professional manner. The witnesses’ testimonies indicate that Respondent enjoys a good professional and ethical reputation among her clients, other attorneys, and the judiciary. She provides valuable legal services to her clients, many of whom could not afford an attorney but for her.
Next, Respondent has put in place procedures to avoid any continued violation of the regulations regarding tax withholdings. *372 Also, she has established a payment schedule to repay the taxes due and has paid more than fifty percent of those amounts.
Further, Erlenbach provides services as an advocate to many clients who are underprivileged and whose rights would otherwise not be protected by a skilled advocate. She has actively provided legal services for the less fortunate for the past twenty years.
In addition, the personal and emotional problems Respondent was experiencing were a substantial contributing factor in her misconduct. Her financial problems occurred during the same period that: (1) her husband had been diagnosed with and was being treated for cancer, and (2) there was an economic decline in her geographic area due to termination of the space shuttle program. Also, she suffers from depression and severe anxiety.
. As a disciplinary sanction, the referee recommended an eighty-nine-day suspension, followed by a two-year period of probation, and payment of disciplinary costs totaling $4,274.20. The conditions of probation would include quarterly reports to the Bar reflecting payment of all taxes due for Respondent’s law firm’s employees and payment of any personal income tax due on Respondent’s individual income. As a term of probation, Erlenbach would submit to the IRS an offer and compromise concerning her personal tax debt.
THE COURT’S REVIEW
After the referee submitted the report, the Court reviewed the referee’s findings and recommendations. See R. Regulating Fla. Bar 3-7.7(a)(2) (the Court shall review all reports of referees recommending probation, public reprimand, suspension, disbarment, or resignation pending disciplinary proceedings). Considering the Court’s established case law, the referee’s recommended sanction did not appear to be appropriate. Of the six eases cited by the referee to support the recommended sanction, five cases were decided in or before 1985. The sixth case was decided in 1994. The sanctions imposed in those specific cases are lenient when compared to more recent case law. In 2002, the Court commenced imposing more severe sanctions for attorney misconduct. See Fla. Bar v. Rotstein, 835 So.2d 241, 246 (Fla.2002). Thus, for the instant case, the Court issued an order directing the parties to show cause why it should not disapprove the referee’s recommended discipline and why a harsher sanction should not be imposed. See R. Regulating Fla. Bar 3-7.7(c)(6)(A) (the Court may direct the parties to submit briefs directed to the appropriateness of the disciplinary measure recommended by the referee). The parties have filed separate responses to the order, which are discussed below.
ANALYSIS
In reviewing a referee’s recommended discipline, this Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking, this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
Respondent asserts that the referee’s recommended sanction is supported. She cites several cases to support a non-rehabilitative suspension, all but two of which were decided well over twenty-five *373 years ago in the 1960s through 1980s.[2] One of the more recent cases Erlenbach cites is Florida Bar v. Smith, 650 So.2d 980 (Fla.1995). Respondent argues that Smith supports the referee’s recommended sanction because the respondent in Smith received a six-month suspension based on his conviction for tax evasion. However, Respondent is misguided because the Court imposed a three-year suspension in Smith. Further, under the Court’s more recent case law, such as Behm, 41 So.3d at 138, it is likely Smith would receive a more severe sanction if his case were decided today.
The Bar also argues that the referee’s recommended sanction is supported. The Bar relies upon Florida Bar v. Pearce, 631 So.2d 1092 (Fla.1994), in which the respondent received a forty-five-day suspension for failing to file personal income tax returns for a period of two years. Here, Erlenbach failed to file timely joint tax returns for nine years, which violated Bar rules 3-4.3 and 4~8.4(c). Further, she withheld funds for federal income tax, social security tax, and Medicare tax from her employees, but did not pay those funds to the Treasury Department as required by federal law. This misconduct constitutes additional violations of Bar rules 3-4.3 and 4-8.4(c). Thus, the misconduct in Pearce is significantly different from the misconduct in the present case. However, the Court’s statement in Pearce directly speaks to Erlenbach’s conduct — attorneys have a “special obligation to obey the law.” Id. at 1092.
It is well established that attorneys’ compliance with tax requirements is an issue that the Court takes very seriously. The Court has stated that “As guardians of the law, lawyers have a special obligation to honor the law themselves, including the tax laws.” Fla. Bar v. Del Pino, 955 So.2d 556, 560-61 (Fla.2007). In Del Pino, the respondent received a three-year suspension based in part on her conviction for filing a false motion for an extension to file and pay taxes. Id. at 558-59. The Court expressly noted that, but for significant mitigation, the respondent in Del Pino would have been disbarred. Id. at 563. Also, the Court clearly stated that it will discipline “attorneys for failing to live up to the duty of every citizen to pay federal income taxes.” Id. at 561.
In Florida Bar v. Weed, 559 So.2d 1094, 1096 n. 4 (Fla.1990), we expressly approved the referee’s finding that the respondent’s “failure to file tax returns amounted to engaging in illegal conduct involving moral turpitude_” This misconduct, along with other misdeeds, resulted in a three-year suspension for Weed. See Smith, 650 So.2d at 981-82 (suspending an attorney for three years for tax evasion and other misconduct where the attorney had underreported his income due to financial pressures and an inability to pay the full tax owed).
Similarly, in Florida Bar v. Cimbler, 2008 WL 2522532, *1 (Fla.2008) (table citation at 994 So.2d 306 (Fla.2008)), the Court stated that “Cimbler’s failure to timely file income tax returns and to timely pay income taxes is condemned and constitutes a failure of responsibility and a failure to be a responsible citizen.” The Court disapproved the referee’s recommended period of suspension, stating that “Such actions by a member of The Florida Bar warrant a longer suspension than that recommended by the referee.” The Court imposed a two-year suspension followed by a three-year period of probation as the appropriate sanction.
*374 In the instant case, Erlenbach failed to file timely joint tax returns for nine years, even after the extensions permitted by the IRS. Next, although Respondent received a discharge of liability for the taxes, interest, and penalties due for tax years 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005, she still owes taxes, interest, and penalties for the 2006, 2007, 2008, and 2009 tax years. Erlenbach is clearly failing to abide by the laws that citizens are required to address each year. Further, the misconduct at issue is not an isolated lapse of judgment. Erlenbach’s failures to comply with the tax requirements extend over a significant span of time — the referee found she has failed to comply with tax requirements for 13 years — which is intolerable as she is a professional who is responsible for assisting others with their legal issues. In Florida Bar v. Lord, 433 So.2d 983, 986 (Fla.1983), the Court found the respondent’s repeated failures to file income tax returns for an extended period “reflected] a flagrant and deliberate disregard for the very laws which respondent took an oath to uphold.”
Next, Respondent engaged in additional misconduct by withholding federal taxes from her employees, but then failing to pay the sums withheld to the federal government. This failure occurred “intermittently from 2006 until 2008.” We note that Respondent filed her quarterly tax returns in a timely manner even when she was unable to remit the entire amount of taxes owed; thus, it appears she was candid with the IRS about these financial problems.
Erlenbach’s conduct violates the Bar rules because she has committed acts that are unlawful or contrary to honesty and justice (rule 3-4.3) and she has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation (rule 4-8.4(c)). The Court has repeatedly shown that it views an attorney’s compliance with the tax laws as a very serious matter. See Behm, 41 So.3d at 148-149 (the Court discussed disciplinary cases involving attorneys and tax requirements which resulted in disbar-ments or three-year suspensions).
Case law demonstrates that attorneys who fail to comply with tax laws are subject to severe sanctions. Here, the referee found that Erlenbach did not seek to evade paying taxes; rather, she did not have the financial means to make the payments. Also, Respondent has a repayment agreement with the IRS and the referee found that she is meeting her financial responsibilities under the agreement. Further, the referee found significant mitigation. For these reasons, we find that the appropriate sanction for Respondent is a one-year suspension followed by a two-year period of probation. The conditions of probation include quarterly reports to the Bar reflecting payment of all taxes due for Respondent’s law firm’s employees and payment of any personal income tax due on Respondent’s individual income.
CONCLUSION
Accordingly, we approve the referee’s findings of fact, recommendations of guilt, and award of costs. We disapprove the referee’s recommended sanction of suspension for eighty-nine days. Susan K.W. Erlenbach is hereby suspended from the practice of law for one year, followed by a two-year period of probation. The suspension will be effective thirty days from the date of this opinion so that Susan K.W. Erlenbach can close out her practice and protect the interests of existing clients. If Respondent notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Susan K.W. Erlenbach shall fully comply with Rule Regulating the Florida Bar 3- *375 5.1(h), “Notice to Clients.” Respondent shall accept no new business from the date this opinion is filed until she is reinstated by order of this Court.
Further, we approve the referee’s recommended conditions of probation, which include quarterly reports to The Florida Bar reflecting payment of all taxes due for Respondent’s law firm’s employees and payment of any personal income tax due on Respondent’s individual income.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Susan K.W. Erlenbach in the amount of $4,274.20, for which sum let execution issue.
It is so ordered.
POLSTON, C.J., and QUINCE, CANADY, and LABARGA, JJ., concur.
LEWIS, J., concurs in result.
PARIENTE, J., dissents with an opinion, in which PERRY, J., concurs.

. The Court issued an order directing the parties to show cause why it should not disapprove the referee's recommended sanction and why a harsher sanction should not be imposed. Fla. Bar v. Erlenbach, SC10-1793 (Fla. Feb. 13, 2013).

. Although Respondent relies on one case stating that it was issued in 1997, the case was actually issued in 1977. Fla. Bar v. Ryan, 352 So.2d 1174 (Fla. 1977).